AO 93C (Rev. 8/18) Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Subject Device | )<br>)<br>)   Case No. 8:23-MJ-00040-DUTY<br>)<br>)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

  *See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

  *See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C. § 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   January 18, 2023, at 1:10 pm          **DOUGLAS F. McCORMICK**
                                                                *Judge's signature*

City and state:    Santa Ana, CA           DOUGLAS F. McCORMICK, U.S. MAGISTRATE JUDGE
                                                  *Printed name and title*

AUSA: Ann Luotto Wolf (213-393-8097)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 8:23-MJ-00040-DUTY | 1/26/2023 | TFO Robert Velasco |

Inventory made in the presence of:
TFO Robert Velasco

Inventory of the property taken and name of any person(s) seized:

1. DVD with download of device content.

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/10/23

*Executing officer's signature*

Farshid Hashempour, Task Force Officer

*Printed name and title*

## ATTACHMENT A

PROPERTY TO BE SEARCHED

The following digital device (the "SUBJECT DEVICE") seized on October 14, 2021, from DIONISIO REYNOSO by the La Habra Police Department and currently maintained in the custody of the Federal Bureau of Investigation in Orange, California:

1. Black Motorola, Model MC36F, with unknown IMEI or serial number.

**ATTACHMENT B**

I. **ITEMS TO BE SEIZED**

    1. The items to be seized are evidence, fruits, or instrumentalities of violations of Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute Controlled Substances), and Title 18, United States Code, Section 922(g)(1) (Felon in Possession of Ammunition) (the "SUBJECT OFFENSES"), namely:

    a. Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from the SUBJECT DEVICE and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

    b. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from the SUBJECT DEVICE and which relate to the possession, buying or selling of controlled substances, firearms or ammunition;

    c. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Instagram, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from the SUBJECT

15

DEVICE and which relate to the possession, buying or selling of controlled substances, firearms or ammunition;

      d.   Records, documents, programs, applications, materials, or conversations relating to the trafficking of controlled substances, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when controlled substances were bought, sold, or otherwise distributed;

      e.   Audio recordings, pictures, video recordings, or still captured images relating to the possession or sale of controlled substances and the collection or transfer of the proceeds of the possession, buying or selling of controlled substances;

      f.   Contents of any calendar or date book; and

      g.   Any SUBJECT DEVICE which is itself or which contains evidence, fruits, or instrumentalities of the SUBJECT OFFENSES, and forensic copies thereof; and

      h.   With respect to any SUBJECT DEVICE containing evidence falling within the scope of the foregoing categories of items to be seized, the following:

         i.   evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

16

        ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

        iii. evidence of the attachment of other devices;

        iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

        v. evidence of the times the device was used;

        vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

        vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

        viii. records of or information about Internet Protocol addresses used by the device;

        ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created,

Case 8:23-mj-00040-DUTY   Document 3   Filed 02/13/23   Page 7 of 10   Page ID #:71
Case 8:23-mj-00040-DUTY *SEALED*   Document 2 *SEALED*   Filed 01/18/23   Page 7 of 10
Page ID #:39

modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

## II. SEARCH PROCEDURE FOR THE SUBJECT DEVICE

3. In searching the SUBJECT DEVICE (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

b. The search team will, in its discretion, either search the SUBJECT DEVICE where they are currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

c. The search team shall complete the search of the SUBJECT DEVICE as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the SUBJECT DEVICE beyond this 120-day period without obtaining an extension of time order from the Court.

d. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in the SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the scope

18

of the items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

        ii.  The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

        iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

    e.  The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

    f.   If the search determines that the SUBJECT DEVICE does not contain data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

    g.   If the search determines that the SUBJECT DEVICE does contain data falling within the list of items to be seized, the government may make and retain copies of such data and may access such data at any time.

    h.   If the search determines that the SUBJECT DEVICE is (1) an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may

retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

        i.    The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

        j.    After the completion of the search of the SUBJECT DEVICE, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    4.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

    5.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not

apply to any search of digital devices pursuant to any other court order.